**SHERMAN CONSTRUCTION CORPO-RATION, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 9–72–A.

United States District Court,
E. D. Virginia,
Alexandria Division.

Feb. 9, 1973.

Carrington Williams, Fairfax, Va., for plaintiff.

Gilbert K. Davis, Asst. U. S. Atty., Alexandria, Va., Helen E. Marmoll, Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

OREN R. LEWIS, District Judge.

This is an action for refund of some $13,255.00 in income taxes and interest paid by the plaintiff corporation for the calendar years 1966, 1967 and 1968.

The Internal Revenue Service disallowed the money the corporation contributed to its profit-sharing plan for 1966, 1967 and 1968, resulting in additional income tax assessment for the years in question.

The assessments were paid and this suit followed—Venue is proper—This Court has jurisdiction under 28 U.S.C. § 1346(a)(1).

From the early 1930s to 1962, W. A. Sherman wholly owned and operated a small construction business—He incorporated the business in 1962, retaining one hundred per cent of the stock.

The corporation created a profit-sharing plan based solely on employer contributions which went into effect January 1, 1962.

The profit-sharing plan provides:

(1) Five or more years of continuous employment by the corporation or by its "predecessor W. A. Sherman, a sole proprietor who carried on the business of general contracting."

(2) Each employee is eligible if he satisfies the basic requirements, provided he is a regular full-time salaried, hourly paid, piece work or commission paid employee.

(3) By the end of each year plaintiff makes a contribution from net income as it deems just but not to exceed 15% of the compensation paid all eligible employees; in case of loss, plaintiff makes no contribution.

(4) Contributions are made by the employer exclusively.

(5) No part of the trust can be paid or revert to plaintiff or be used for any purpose other than the exclusive benefit of the participants or their beneficiaries and the reasonable and necessary expenses of the trust.

(6) A participant's interest vests, after the first five years of participation, to the extent of 15% for each full year of participation, up to a maximum of 100%; but a participant's interest vests completely upon his death, total and permanent disability, retirement at 65 or upon termination of the plan.

(7) Interests are not subject to assignment or transfer, voluntary or involuntary.

(8) Various provisions are made for distribution of a participant's interest upon retirement, upon total and permanent disability, severance of employment and termination of the plan. Administrative provisions cover investment of the trust fund, provision for an advisory committee, service by trustees, amendment and termination and similar matters.

All eligible employees of W. A. Sherman as a sole proprietorship participated —Fifteen were paid hourly wages; six were on salary—One point was given for each year of service—One point for each thousand dollars of annual income. The corporation made the entire contribution.

Internal Revenue claims the corporate contributions are not deductible because —the plan discriminates in favor of the sole shareholder, Mr. W. A. Sherman— He participated in the plan even though he did not satisfy the plan's eligibility requirement of five years' service—All other employees are required to satisfy this eligibility requirement.

Internal Revenue further stated that the corporation had no plan as it had not been filed and approved by the Commissioner—Hence the money in the trust belonged to the corporation, not to the employees.

Mr. Sherman then asked leave to reallocate the contributions so as to eliminate himself as being eligible to participate prior to being an employee of the corporation for five years—He wanted to continue the plan for the benefit of the employees—offered to contribute all taxes refunded to the trust and have the corporation contribute to the plan for all profit years after 1968—Internal Revenue refused, on the ground there was no plan to reallocate.

The Department of Justice, in supporting the position of Internal Revenue, says the threshhold question for determination is whether such credit [the five years given W. A. Sherman during the years when he operated his business as a sole proprietorship] disqualifies the plan—and, if so, should the corporation be permitted to retroactively qualify the contributions for deduction by reallocating all of its contributions among its employees.

Reduced to simplicity, the Government contends that the profit-sharing plan created by this corporation is discriminatory and that the discrimination lies not in the effect but in the eligibility of membership as determined by the requirements of the plan.

Title 26 U.S.C. § 401 describes the requirements necessary for qualification as a trust forming part of a profit-sharing plan—This section is interpreted by § 1.-401 of the Federal Tax Regulations and U.S. Code, Congressional and Administrative News, Vol. 1 (1966).

Section 1.401–1(a)(4) states that after December 31, 1962 a self-employed individual may be included in a qualified plan. Section 1.401(a)(3)(ix) requires that if the plan includes a self-employed individual who is an owner-employee, it must satisfy the additional requirements contained in 26 U.S.C. § 401(a)(10) and (d).

The Sherman Construction Corporation's plan complies with those provisions.

Nevertheless, the Government insists that this plan fails to qualify because it requires five years' service by employees rather than the three-year service·required by § 401(d)(3) and because it discriminates in favor of W. A. Sherman.

The Government's reliance on § 1.1361 of Treasury Regulations on Income Tax, that sole proprietors are precluded from participating in profit-sharing plans, is inapposite for the simple reason that Mr. Sherman did not elect to be taxed as a corporation—His construction business was incorporated.

The five years service requirement is a general requirement under § 401(a)(3)(A)—The three-year § 401(d)(3) requirement is a prerequisite for qualification for a plan which benefits an owner-employee. This is not an owner-employee plan—It is a corporate plan—§ 401(d)(3) is not applicable for the purpose of determining eligibility under a current corporate plan.

Section 401(c)(3) says that the term "owner-employee" also means an individual who has been an owner-employer to the extent provided in Treasury Regulations—Treasury Regulation § 1.401–10(b)(4) states for the purpose of determining whether an employee within the meaning of § 401(c)(1) satisfies the requirement for eligibility under a qualified plan established by an employer, such employer may take into account past services rendered by such an employee both as a self-employed individual and as a common-law employee if past services rendered by other employees, including common-law employees, are similarly taken into account.

Section 401(a)(3)(A) states that the minimum period of employment prescribed by the plan cannot exceed five years.

That is what happened in this case.

Nowhere in § 401 is an employer precluded from also being considered as an employee [1]—§ 401(a)(4) expressly states that a plan may provide for an employer and still be valid "if the contributions or benefits do not discriminate in favor of employees who are officers, shareholders, persons whose principal duties consist in supervising the work of other employees, or highly compensated employees."

The Government claims the plan discriminates in favor of W. A. Sherman—Our examination of the plan discloses that all employees are treated the same.

█ Therefore, the claim for refund of the assessed taxes paid, plus interest, should be granted—However, the refund will be conditioned on compliance with W. A. Sherman's announced intention of having the corporation return the money to the trust and contributing to the plan for all profit years after 1968 to date.

█ A suit for refund is equitable in nature and approaches nearer to a bill in equity than any other common law action. See United States v. Jefferson Electric Manufacturing Co., 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859 (1934).

This corporation has established and carried on for a number of years a non-discriminatory profit-sharing plan for the benefit of its employees—It does not want any of its contributions back—It wants them used for the benefit of its employees.

█ This corporation's profit-sharing plan is not invalid, and it did not have to be approved by the Commissioner prior to being put into operation notwithstanding what the reviewing internal revenue agent said, and the Court so finds.

The refund will be ordered, conditioned as above mentioned.

---

1. Treasury Regulation § 1.401–10(e) states that for the purpose of § 401 a sole proprietor is considered to be his own employer.