FARLEY FUNERAL HOME, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9218–72. Filed May 13, 1974.

*Peter I. Chirco,* for the petitioner.
*Gary F. Walker,* for the respondent.

DRENNEN, *Judge:* Respondent determined the following deficiencies in, and additions to, petitioner's income tax:

| TYE Oct. 31— | Deficiency | Additions to tax, sec. 6651(a) |
|---|---|---|
| 1968 | $1, 035. 68 | $51. 79 |
| 1969 | 1, 721. 53 | 430. 38 |
| 1970 | 1, 148. 02 | |

The only issue is whether petitioner is entitled to deduct contributions to its employees' pension plan in each of the years involved. This in turn depends on whether the plan, which the corporation took over from its predecessor·partnership with certain amendments, qualifies under section 401(a), I.R.C. 1954. As interpreted and applied by the corporate petitioner, the amended plan permitted the former partners, who were not participants in the partnership plan, to use past service to the partnership after it adopted the plan to be counted in determining whether they met the 1-year-service eligibility requirement for immediate participation in the plan.

### FINDINGS OF FACT

Certain facts have been stipulated and are so found.

Petitioner Farley Funeral Home, Inc., a Michigan corporation, formed on October 9, 1967, had its principal office in Battle Creek, Mich., at the time its petition was filed. Its corporate income tax returns were filed on an accrual basis of accounting for the fiscal years ending October 31, 1968, through October 31, 1970, with the director of the Internal Revenue Service Center, Cincinnati, Ohio.

Petitioner is engaged in conducting a funeral service business. Prior to incorporation, the corporate stockholders, Clarice Farley, Donald F. Estes, and Cylde B. Schimmel, were engaged in this same business

as a partnership under the name Farley Funeral Home. Schimmel had been a common-law employee of Farley Funeral Home from 1940 to 1948. During this time George D. Farley and his father-in-law were partners in this funeral home. In 1948 Farley's father-in-law died and Schimmel became a partner of Farley. They continued the business as partners until Farley's death in 1953. From 1953 to 1958 the business was carried on by two partners, Schimmel and Clarice Farley, the widow of George D. Farley. In 1958 Estes became a third partner in this funeral home. Prior to becoming a partner, Estes had been a common-law employee of the partnership of Schimmel and George Farley and the partnership of Schimmel and Clarice Farley. This partnership of Schimmel, Farley, and Estes carried on the business from 1958 until petitioner was incorporated in 1967. From the date of incorporation, October 9, 1967, continuing through the years in issue, these three persons each owned 33⅓ shares of petitioner's common stock and were officers and directors of petitioner. During the years in issue, petitioner did not declare any dividends.

On November 2, 1966, petitioner's predecessor, Farley Funeral Home, a partnership, executed an instrument entitled "Trust Agreement." This instrument was designed to provide a trusteed pension plan for the benefit of the employees of the partnership. The plan was designed as a money purchase plan. The employer contributed a specified percentage of each participating employee's current monthly salary to the trustees for the employees' accounts. Upon retirement of an employee the trustees were to purchase a retirement annuity for the employee providing monthly retirement benefits for the employee from date of retirement until death, with 10 years' certain, in such amount as that employee's account would purchase on his retirement date. Retirement benefits were not specifically based on years of past and future service, but were dependent on the amounts contributed by the employer and credited to the employee's account for each year of participation under the plan.

The partnership pension trust defined "employee" in the following manner:

1.03 "Employee" shall mean any person regularly employed by the employer on a full time basis, excluding such persons whose customary employment is not more than 20 hours in any such week, or for not more than five (5) months in any calendar year.

Article II of this instrument established the eligibility requirements for the employees of the partnership to participate in the pension plan, as follows:

### ARTICLE II

#### ELIGIBILITY

2.01 Any employee who has completed two years of continuous service with the Employer and who has attained the age of Twenty-one (21) years but not

the age of fifty-five (55) years shall be eligible to participate hereunder as of the 2nd day of November following the date upon which such employee has completed such two years of service and has attained the age of twenty-one (21) years. Partners shall not be deemed employees for purposes hereunder.

Only one common-law employee of the partnership was ineligible to participate in the plan based on his advanced age. He was Fred C. Meyers, who was approximately 64 in 1966. He, however, received a substantial bonus on retiring to make up for the fact he did not have benefits under the plan. Section 2.01, quoted above, also specifically excluded the partners of Farley Funeral Home from participating in the pension plan.

A determination letter from the respondent regarding the qualification of the trust under section 401, I.R.C. 1954, was neither requested nor issued during the operation of the partnership.

On October 9, 1967, the date on which Farley Funeral Home, Inc., was incorporated, a special meeting of the board of directors of the corporation was held. At this meeting the directors, Donald F. Estes, Clyde B. Schimmel, and Clarice Farley, adopted the pension plan originally established by the corporation's predecessor, Farley Funeral Home. The directors simultaneously adopted certain amendments to the pension trust. These amendments were contained in a separate instrument designated "Amendments to the Farley Funeral Home Employee's Pension Trust."

Also on October 9, 1967, Donald F. Estes, as president of Farley Funeral Home, Inc., and the three trustees signed the document captioned "Amendments to the Farley Funeral Home Employee's Pension Trust." As a result of the above actions, Farley Funeral Home, Inc., adopted an amended version of the pension plan and trust originally established by the partnership.

The amendments to the trust agreement provided, inter alia:

G. Amendments to Article I
1.09
(a) Change to read: "The effective date of this Trust Agreement shall mean the 2nd day of November, 1966, and the effective date of the adoption and assumption of the obligations of this Trust by Farley Funeral Home, Inc. shall mean October 9, 1967."

Article 2.01 of the trust agreement, which enumerated the eligibility requirements of an employee for participation in the pension plan, was amended in its entirety to read as follows:

Any present participant hereunder or any present employee who has completed one (1) year of continuous service with the employer and who has attained the age of twenty-one (21) years but not the age of fifty-five (55) year [sic] shall be eligible to participate hereunder as of the 2nd day of November following the date upon which such employee has completed one (1) year of service and has attained the age of twenty-one (21) years. Likewise, any other employee and/or

future employee who shall have completed one (1) year of employment after the original effective date of this Trust and/or assumption of the obligations of this Trust by Farley Funeral Home, Inc., shall have eligibility to participate hereunder, if they have also attained the age of twenty-one (21) hears [sic] but not the age of fifty-five (55) years.

Under the above provision any "present employee" of petitioner who had completed 1 year of continuous service with the "employer" and met the age requirements was eligible to participate in the plan as of the November 2 following the date such requirements were met; likewise, any other employee who shall have completed 1 year of "employment" after the original date of the trust and met the age requirements "shall have eligibility to participate." Neither the original trust agreement nor the amendments thereto specifically defined the term "employment." The amendments referred to the partnership as "employer" and to the corporation as "successor employer," and also provided that in any instance where the trust uses the expression "Farley Funeral Home," it shall now read "Farley Funeral Home, Inc.," and when the trust uses the expression "Employer" it shall now read "Successor Employer." An amendment to Article IX, which dealt with vesting, specifically provided that "Credited service shall not include years of service as a partner of predecessor employer." The provision in original section 2.01 of the trust agreement which provided that partners shall not be deemed employees and thus could not be eligible to participate in the plan was deleted. The three partners of Farley Funeral Home, Donald F. Estes, Clarice W. Farley, and Clyde B. Schimmel, became officers and employees of the corporation and thus became eligible to participate in the plan if they met the other eligibility requirements.

Petitioner's pension trust plan was in operation from the date of its adoption by the corporation and throughout its fiscal years ending October 31, 1968, 1969, and 1970. Clyde B. Schimmel and Donald F. Estes were given coverage as participants in the plan beginning November 1 or 2, 1967. They were given credit for their prior service with the partnership in order to meet the 1-year service requirement for eligibility to participate. Clyde B. Schimmel was born in June of 1913, and became 55 years old in June of 1968. In order for Schimmel to qualify to participate in the plan, he had to fulfill the 1-year continuous service requirement prior to reaching the age of 55. As a result Schimmel's prior service with the partnership had to be counted if he was to become eligible to participate in the plan.

During the fiscal years 1968 through 1970, two of petitioner's employees were excluded from coverage under the plan because they were over 55 years of age. These two people were Clarice Farley, a former partner of Farley Funeral Home and an employee and one-third shareholder of Farley Funeral Home, Inc., and Fred C. Meyers.

On December 28, 1970, the district director of internal revenue in Detroit issued an unfavorable determination letter to petitioner with respect to its pension trust plan in which it was stated:

this office is of the opinion that such plan does not meet the requirements of Section 401(a) of the Internal Revenue Code for the following reasons:

Requests were made by this office to obtain coverage data as to participation in the plan for the years 1967 through 1970. The failure to submit the data to this office requires us to determine that the plan fails to meet the coverage requirements under Section 401(a)(3)(A) and 401(a)(3)(B) of the Internal Revenue Code of 1954.

Treasury Department Forms 990–P, "Return of Employees' Trust Exempt from Tax," each dated March 22, 1972, were filed by the trustees for the pension trust for each of the fiscal years ending October 31, 1968, 1969, and 1970, which reflected receipt of contributions from Farley Funeral Home, Inc., of $4,440, $4,440, and $5,340 in those years, respectively. Petitioner claimed deductions for those amounts on its income tax returns filed for each of those years.

On or before March 27, 1972, Treasury Department Forms 2950, "Statement in Support of Deduction" to employees' pension plan, et al.,[1] were filed in behalf of Farley Funeral Home, Inc., for each of the fiscal years here involved. These statements show that the corporation had a total of 15 employees during fiscal 1968, 9 of whom were ineligible for coverage, 1 of whom was eligible but not covered, and 5 of whom, including 2 officers and stockholders, were covered under the plan, with a total contribution for all those covered of $4,440; during fiscal 1969 there were a total of 18 employees, 11 of whom were ineligible for coverage, 2 of whom were eligible but not covered, and 5 of whom, including the 2 officer-stockholders, were covered, with a total contribution for all covered of $4,440; and during fiscal 1970, there were a total of 17 employees, 11 of whom were ineligible for coverage, and 6 of whom, including 2 officer-stockholders, were covered, with a total contribution for all covered of $5,340.

In the notice of deficiency which forms the basis for this proceeding, respondent disallowed the entire amount of the deductions claimed by petitioner for contributions to the plan "because the plan does not meet the requirements of Section 401(a) of the Internal Revenue Code."

OPINION

Petitioner claimed deductions for contributions it made to its employees' pension trust for each of its fiscal years ending October 31,

---

[1] These were stipulated exhibits, with no explanation of when they were filed. The forms have no place for a date of filing or signature and none appears on them. The only date appearing on the forms is what appears to be an internal revenue stamp with a date "Mar. 27, 1972" which appears on each form.

1968, 1969, and 1970. Respondent disallowed these deductions on the grounds that the pension plan does not qualify under section 401(a), I.R.C. 1954,[2] and, consequently, petitioner is not allowed to deduct the contributions under section 404(a)(1).

Section 404(a) provides that if contributions are paid by an employer to or under a pension plan, such contributions shall not be deductible under section 162 or section 212, but, if they satisfy the conditions of either of those sections, they shall be deductible under this section, subject to certain limitations following. Section 404(a)(1) provides that the contributions shall be deductible in the taxable year when paid if the contributions are paid into a pension trust which is exempt under section 501(a). Section 501(a) provides that an organization described in section 401(a) shall be exempt from taxation under this subtitle unless such exemption is denied under section 502 or 503.

Section 401(a) provides that a trust created or organized in the United States and forming part of a stock bonus, pension, or profit-sharing plan of an employer for the exclusive benefit of his employees or their beneficiaries shall constitute a qualified trust under this section (1) if the contributions are made to the trust by the employer for the purpose of distributing to his employees or their beneficiaries the corpus and income of the fund accumulated by the trust in accordance with such plan; (2) if under the trust instrument it is impossible, at any time prior to the satisfaction of all liabilities with respect to employees and their beneficiaries under the trust, for any part of the corpus or income to be used for, or diverted to, purposes other than for the exclusive benefit of the employees or their beneficiaries; (3) if the trust is designated by the employer as constituting part of a plan intended to qualify under this subsection which benefits either (A) a specified number of all employees of the employer under the formula set forth therein (which is not involved here), or (B) such employees as qualify under a classification set up by the employer and found by the Secretary or his delegate not to be discriminatory in favor of employees who are officers, shareholders, persons whose principal duties consist in supervising the work of other employees, or highly compensated employees; and (4) if the contributions or benefits provided under the plan do not discriminate in favor of employees who are officers, shareholders, persons whose principal duties consist in supervising the work of other employees, or highly compensated employees (referred to hereinafter as the prohibited group).

---

[2] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

Section 1.401–3 (a) (1), Income Tax Regs., states:

In order to insure that stock bonus, pension, and profit-sharing plans are utilized for the welfare of employees in general, and to prevent the trust device from being used for the principal benefit of shareholders, officers, persons whose principal duties consist in supervising the work of other employees, or highly paid employees, or as a means of tax avoidance, a trust will not be qualified unless it is a part of a plan which satisfies the coverage requirements of section 401(ıı) (3). * * *

Petitioner does not claim that its plan complied with the percentage coverage requirements of section 401(a) (3) (A). However, since petitioner's plan covers all employees, except part-time employees, who otherwise meet the eligibility requirements, this is a classification which does not in and of itself discriminate in favor of the prohibited group and, therefore, petitioner's plan does meet the requirements of section 401(a) (3) (B). Respondent contends, however, (1) that two former partners who became officers and stockholders of the corporation did not meet the eligibility requirements of the plan when they were granted coverage under the plan in November 1967, and the participation of these two individuals, Schimmel and Estes, caused the plan to be operated for the benefit of the prohibited group and not for the benefit of all employees; and (2) that if these two former partners are permitted by the plan to use service with the partnership to meet the 1-year service requirement for eligibility purposes, this disqualifies the plan under section 401(a). The reason for permitting prior service with the predecessor partnership to be used to meet the 1-year prior service requirement for eligibility was apparently because Schimmel, a former partner in the partnership and an officer and stockholder in the corporation, would have reached age 55 and would thus have become ineligible to participate before he could have rendered 1 year of service as an employee of the corporation.[3]

Respondent takes the position that Schimmel and Estes, the other partner who was given coverage under the corporate plan, were not eligible to participate in the corporate plan from its inception because they were not considered employees of the partnership and thus could not use service to the partnership to meet the 1-year eligibility requirement to participate in the corporate plan when they were given coverage in November 1967, that by permitting these former partners, who were members of the prohibited group, to count 1 year of service to the partnership in determining eligibility to participate in the corporate plan discriminated against other employees who had not had 1

---

[3] It seems there should have been other ways to amend the plan to make Schimmel eligible to participate in the corporate plan, but, of course, we must consider the issue only in the light of what was actually done. It is also unfortunate that in amending the plan, the corporation did not make it more definite just what prior service could be considered to meet the 1-year eligibility requirement.

year of service with the partnership, and thus, in terminology and operation, the plan discriminated in favor of the prohibited group and was not operated exclusively for the benefit of the employees; and it, therefore, fails to qualify under section 401(a). As a result, respondent has disallowed as a deduction the entire amounts contributed by petitioner for all participants in the plan in each of these years.

Petitioner contends that the plan qualifies under section 401(a) and that the entire amount of its contributions are deductible but, in the alternative, if Schimmel and Estes were not eligible to participate, only those contributions made for their benefit should not be allowed as deductions.

Petitioner's predecessor partnership adopted a trusteed pension plan on November 2, 1966. All full-time employees 21 years of age but under 55 years of age with 2 years of prior service were eligible to participate. The three partners were specifically excluded from participation in the partnership plan. The partnership was incorporated on October 9, 1967, with the three partners becoming the three stockholders and officers of petitioner corporation. On the same day the corporation agreed to assume the obligations of the partnership under the pension trust and adopted the partnership pension plan as its own, with some amendments. One amendment revised the eligibility requirements, deleting the restriction on participation by the former partners, and reducing the prior service requirement to 1 year of service with the "employer," for present employees, and 1 year of "employment" after the original effective date of the trust, for other employees and/or future employees. The minimum and maximum age requirements remained the same. Two of the three former partners were granted coverage under the plan on November 1 or 2, 1967, using the prior years' service to the partnership to meet the 1-year eligibility requirement. All other full-time employees of the corporation were also continued under the corporate plan, except the third partner and one other employee, both of whom were over 55 years of age when the partnership plan was originally adopted.

The first question we are confronted with is whether the two partners who were granted coverage under the corporate plan in November 1967 were eligible to become participants under the terms of the plan, as amended, at that time. This question arises only because of the somewhat ambiguous terminology used in the amendments to the plan, particularly in reference to eligibility requirements, because there is no doubt in our minds that the intention of the parties amending these provisions was to make the two partners who were under age 55 when the corporation adopted the plan eligible for immediate coverage. The circumstances recited above with regard to Schimmel and the fact that

the two partners were contemporaneously given coverage supports our conclusion as to the intention of the parties. The problem comes with an analysis of the terminology actually used.

The first sentence in the amended section 2.01 provides that any present participant or any present employee who has completed 1 year of service with the "employer" and who meets the age requirements shall be eligible to participate as of the second day of November following the date such employee has completed 1 year of service and has attained age 21. If it was clear that "employer," as used in that sentence, referred to the predecessor partnership, our task would be easier; such is not the case. The first unnumbered paragraph of the trust agreement, as amended, refers to the partnership as "employer," and to the corporation as "successor employer." However, the new Article XIX, section 19.02, which was added by the amendments, provides: "In every instance where this Trust uses the expression Employer it shall now read Successor Employer." If section 19.02 takes precedence, we would have to read section 2.01 as any present employee who has completed 1 year of service with the *corporation.* Of course, this would be of no benefit to any present employee at the time the corporation adopted the plan because the corporation had just come into existence.

The second sentence of section 2.01, as amended, provides that any other employee and/or future employee who shall have completed 1 year of "employment" after the original effective date of the trust "shall have eligibility to participate" if they also meet the age requirements. This provision, of course, does not indicate who the "employment" must be with, and the trust agreement does not define "employment." It would seem, however, that the phrase "1 year of employment after the original effective date of this Trust" was intended to refer to employment by the partnership—otherwise, why the reference to the original effective date of the trust, which was November 2, 1966, almost a year before the corporation came into existence.

There is one further confusing facet to this problem. The parties have stipulated that "Mr. Schimmel and Mr. Estes were given coverage as participants in the [corporate] plan beginning November 1, 1967." The plan provides generally that an employee may become a participant on the second day of November (the anniversary date of the plan) after he has met the eligibility requirements. However, since the term "compensation" is defined in section 1.11 of the plan as the "fixed salaries and wage paid by the Employer to the participant for services rendered in effect on the *1st* day of November immediately preceding the entry date or anniversary date [emphasis added]," we will assume that the parties inadvertently used the first

day of November rather than the second day of November 1967 as the date Schimmel and Estes became participants in the plan.

Despite some misgivings, because the ambiguities were caused by petitioner or its advisers, we construe the language of the trust agreement, as amended, to permit all employees of petitioner to count service with the partnership, as least starting with November 2, 1966, in determining whether the 1-year service requirement for eligibility to participate was met. Schimmel's testimony, as well as the circumstances, convinces us that this was what was intended by the parties. We, therefore, conclude that Schimmel and Estes were eligible to participate under the terms of the plan and did become participants as of November 2, 1967.

This brings us to the more substantive question of whether permitting Schimmel and Estes to use a year of service as partners to meet the eligibility requirements disqualifies the corporate plan and trust under section 401. The main thrust of respondent's argument is that Schimmel and Estes were not considered employees of the partnership during its existence, and to give them credit for 1 year of service for the partnership to meet the eligibility requirements prefers them over other employees of the corporate petitioner who would have to serve 1 year with the corporation before they became eligible to participate. On the face of it, this argument is spurious because the provisions of the trust as amended gave all employees credit for service with the partnership—they applied alike to all employees and did not discriminate in favor of the prohibited group.

But respondent argues that because Schimmel and Estes were partners, they could not be considered as employees in the service of the partnership during its existence for eligibility purposes, either under the partnership plan as written or under respondent's rules and regulations. However, it seems to us that to apply respondent's reasoning would be to accept reverse discrimination to prevent a member of the prohibited group from participating. We are concerned here with years of service for eligibility purposes under the corporate plan, not for eligibility under the partnership plan and not for purposes of computing retirement benefits or for vesting purposes under the corporate plan. All employees of the corporation were permitted to use service with the partnership for eligibility purposes regardless of whether they had been participants under the partnership plan. So, unless there is some reason for it under the law, to permit common-law employees of the partnership to count their service with the partnership for eligibility purposes and to deny the partners that right would discriminate against the prohibited group.

Respondent recognizes that past service with a former employer may be used for the purpose of determining eligibility to participate in a qualified employee's pension plan of a present employer in his Guides for Qualification of Pension, Profit-Sharing, and Stock Bonus Plans, I.R.S. Publication 778 (February 1972), replacing Rev. Rul. 69–421, 1969–2 C.B. 59 (declared obsolete by Rev. Rul. 72–488, 1972–2 C.B. 649). Part 4(s) of I.R.S. Publication 778 states:

> Past service with former employers may be used for the purpose of determining eligibility to participate in a qualified employees' pension plan of a present employer and for determining benefits thereunder, provided (1) such former employer, if not a participant in a group plan with the present employer, is specified in the plan or trust; (2) all employees having such past service are treated uniformly; (3) the use of such past service factor does not produce discrimination in favor of employees who are officers, shareholders, supervisors, or highly compensated, and (4) there is no duplication of benefits. * * *

Nevertheless, respondent argues that past service as a partner may not be used either for determining eligibility to participate or for computing benefits under a plan because a partner is not an employee except for the sole purpose of participating in a plan that qualifies under section 401(c) and (d) which are concerned with "owner-employee" plans. I.R.S. Publication 778, part 2(j)(1).

Respondent's position is apparently a carryover from his position prior to enactment of the Self-Employed Individuals Tax Retirement Act of 1962, Pub. L. 87–792 (Oct. 10, 1962), which was integrated into the Internal Revenue Code as section 401(c) and (d). For a number of years prior to that time respondent had interpreted the term "employee" to mean solely a common-law employee and had maintained that a general partner was not an employee of the partnership and was precluded under section 165, I.R.C. 1939, and section 401, I.R.C. 1954, from participating in a qualified employees' pension plan. If a partner was not an "employee," the plan in which a partner participated could not be exclusively for the benefit of employees or their beneficiaries. See Rev. Rul. 33, 1953–1 C.B. 267; Rev. Rul. 69–421, 1969–2 C.B. 59; and other revenue rulings, most of which were declared obsolete by Rev. Rul. 72–488, 1972–2 C.B. 649. However, when under Pub. L. 87–792 the term "employee" was defined to include "an individual who has earned income * * * for the taxable year" (sec. 401(c)(1)), "earned income" was defined to mean "net earnings from self-employment" (sec. 401(c)(2)), and "owner-employees," as defined in section 401(c)(3), were permitted to participate in employee pension plans under the more stringent requirements of section 401(d), respondent was forced to change his position somewhat. Nevertheless, he appears to attempt to restrict the use of the definition of an "em-

ployee" contained in section 401(c) only to purposes pertaining to the establishment of a pension plan which qualifies under section 401(d) in which "owner-employees" can participate. Respondent apparently still maintains that a partner cannot use years of service in that capacity to meet years of service eligibility requirements under a successor corporation's pension plan, at least unless he was a participant in a pension plan of the predecessor partnership which qualified under section 401(d). We think such a restrictive position with regard to partners contravenes both the intention of Congress in enacting Pub. L. 87–792 and the few cases we have found on the subject, and finds no support in the efforts of Congress to prevent the use of employees' pension trusts to give unintended benefits to employees falling within the prohibited group, as reflected in various provisions of section 401 (a). We think the facts in this case illustrate that respondent's interpretation of the law in this particular respect is too narrow, because we find no discrimination in favor of the prohibited group in permitting the former partners, as well as all other employees of the partnership and the corporation, to count years of service with the partnership in any capacity in determining eligibility to participate in this corporate plan.

We agree with respondent that if past service with a former employee may be used for the purpose of determining eligibility to participate in a qualified employees' pension plan of a present employer, the requirements set out in part 4(s) of I.R.S. Publication 778, *supra*, should be met. We think they are in this case. The former employer is specified in the trust agreement, all employees having such past service with the former employer are treated uniformly, the use of the past service factor for eligibility purposes does not discriminate in favor of the prohibited group, and there is no duplication of benefits. Nevertheless, respondent still insists that service for a former employer as partners cannot be counted because of his insistence that partners cannot be employees and thus services as a partner cannot be considered services to a former employer. We think respondent's narrow view discriminates against the former partners.

We see no reason why former partners who had devoted many years of their lives to working for petitioner's predecessor partnership should not have that service recognized for determining eligibility to participate in petitioner's plan the same as it is recognized for all former common-law employees of the partnership. This past service does not provide any additional benefits for the former partners or for any of the former employees. A common-law employee of the partnership may use his service with the partnership to qualify for participa-

tion in the corporate plan, and we do not believe this discriminates against a future employee of the petitioner who had no past service with the partnership and thus has to have 1 year of service with the corporation in order to become a participant. We see no reason it would be any more discriminatory in favor of the former partners, or against future employees, as claimed by respondent, to permit the former partners to use such past service for the same purpose.

The provisions of petitioner's plan for eligibility purposes refer to "service for" and "employment" by the former employer; they say nothing about service or employment *as an employee* of the former employer. Hence, respondent's exclusion of a partner as an "employee" may also be irrelevant for purposes of determining whether an individual had 1 year of prior service for eligibility under this plan. And, of course, respondent's distinctions as to who qualifies as an employee for purposes of determining whether this plan is operated for the exclusive benefit of petitioner's employees is also irrelevant because both the former partners and former common-law employees became employees of the corporation under anyone's definition; and the plan we are concerned with is the corporate plan which offers coverage to all employees of petitioner on an equal basis.

In a report on Pub. L. 87–792 (S. Rept. No. 992, 87th Cong., 1st Sess., p. 29 (1961)), the Senate stated: "Under the present law, a qualified plan can cover only those individuals who are employees under common law." It went on to define the purpose of the Act in the following manner:

It thus tends to correct a discrimination in present law under which self-employed individuals—sole proprietors and partners—are prevented from participating in retirement plans established for the benefit of their employees although owner-managers of corporations may do so. * * * [See p. 8 of the report.]

While the rather all-inclusive definition of "employee" in section 401 (c) of the Code was enacted in conjunction with the above law, there is nothing in the law which limits its application to circumstances pertaining to owner-employee trusts which qualify under section 401(d), as respondent contends. Furthermore, we find nothing in the law that supports respondent's narrow definition of the term "employee" for all other pension plan purposes.

Section 1.401–10(b)(4), Income Tax Regs., provides as follows:

(4) For the purpose of determining whether an employee within the meaning of section 401(c)(1) satisfies the requirements for eligibility under a qualified plan established by an employer, such an employer may take into account past services rendered by such an employee both as a self-employed individual and as a common-law employee if past services rendered by other employees, including common-law employees, are similarly taken into account. However, an employer cannot take into account only past services rendered by employees

within the meaning of section 401(c)(1) if past services rendered to such employer by individuals who are, or were, common-law employees are not taken into account. Past service as described in this subparagraph may be taken into account for the purpose of determining whether an individual who is, or was, an employee within the meaning of section 401(c)(1) satisfies the requirements for eligibility even if such service was rendered prior to January 1, 1963. On the other hand, past service cannot be taken into account for purposes of determining the contributions which may be made on such an individual's behalf under a qualified plan.

While this section of the regulations is limited in its applicability to plans covering self-employed individuals, see section 1.401–10(a), Income Tax Regs., we perceive no reason why a former partner may use past service as a partner for purposes of determining eligibility under a plan established under section 401(d), but may not use such prior service for eligibility purposes under a corporate plan that qualifies under section 401(a).

*United States* v. *Kintner*, 216 F. 2d 418 (C.A. 9, 1954), was concerned primarily with whether an unincorporated association of doctors who had previously practiced medicine as partners should be treated as a corporation or as a partnership for income tax purposes. The decision that the association would be treated as a corporation led respondent to propose regulations, colloquially known as the "Kintner regulations," which list the basic characteristics that will cause an association to be treated as a corporation for Federal tax purposes. See sec. 301.7701–2, Proposed Proced. & Admin. Regs. But a less publicized holding in that case bears directly on the issue involved here and clearly supports petitioner's position.

In *Kintner* several doctors who had practiced medicine as a partnership dissolved the partnership and established an unincorporated association. The association then hired the eight doctor-associates as employees, along with about 30 other employees. The association established a pension plan for the benefit of its qualified employees. Qualified employees meant persons who had been employed by the association or the partnership for at least 3 years and had attained the age of 30 years. The plan also provided that for eligibility purposes, the employees of the association who were "employees or members" of the predecessor partnership "shall be given credit for such period of membership or employment by such predecessor." The doctors who had been partners were given credit for past service with the partnership in computing whether they met the 3-year eligibility requirement for participation. The court rejected respondent's contention that this disqualified the pension trust. In doing so it said:

Nor is there merit to the contention that there is discrimination because employees must serve three years before they can benefit and certain doctor

members, who had been members of the partnership, are given credit for the period during which they were employed by the partnership. A *working* partner is employed about the business of the partnership. One of the dictionary definitions of the word "employee" is

"To engage, have or keep for or in service or in duty; procure or retain the services of; set or keep at work." Funk & Wagnalls, New Standard Dictionary.

By requiring new employees to have a minimum of three years service, the object was to achieve *equality. And equality is equity.* Had doctors who had worked for the partnership not been given the benefit of their prior service, there would be discrimination *against them.* * * *

\*          \*          \*          \*          \*          \*          \*

In dealing with a contract made for the benefit of those who are engaged in a common enterprise, the aim of which is to encourage tenure, we should give to ordinary words the same liberal construction we give to legislation conferring social benefits. The doctors had contributed to whatever good will the partnership brought to the Association. In a sense, as working partners, they were employees. [Citations omitted.] But whether they were such or not, in a strict sense, they could be placed in the same category with other employees for the purpose of the plan and the three-year prior period could be resorted to for the purpose of placing them on the same footing with those who came later into the "vineyard." * * * [pp. 427–428.]

We find no distinction between that case and this with regard to the qualification of the pension trust.

*Sherman Construction Corporation* v. *United States,* 358 F. Supp. 446 (E.D. Va. 1973), cited by petitioner, also supports petitioner's argument and our conclusion herein. There the sole stockholder of a successor corporation was given credit for 5 years of service to his predecessor sole proprietorship to meet the eligibility requirement for participation in the corporate plan. Respondent cites no cases in support of his position on this point.

Respondent also argues that petitioner's pension plan, to qualify under section 401, must meet the requirements of section 401(d) because the plan gave prior service credit to former owner-employees. Section 401(d) was enacted in 1962 (Pub. L. 87–792, *supra*) to permit owner-employees to participate in qualified pension trusts. "Owner-employee" is defined in section 401(c)(3) as meaning an employee who:

(A) owns the entire interest in an unincorporated trade or business, or

(B) in the case of a partnership, is a partner who owns more than 10 percent of either the capital interest or the profits interest in such partnership. * * *

Section 401(d), which relates to pension trusts of unincorporated businesses, clearly does not apply to the pension trust here under consideration, which is a trust operated exclusively for the benefit of all qualified employees of a corporation.

Respondent argues further that the predecessor partnership plan

did not qualify under section 401(d) and that there is no way petitioner's plan could give credit to former partners for services they performed for the predecessor partnership under a plan failing to meet the requirements of section 401(d). Respondent fails to point out in what respects the partnership plan failed to qualify under section 401(d), and we do not propose to delve into the intricacies of that rather complex section on our own unless it is necessary. We do not find it necessary to do so because we do not believe it is material. Petitioner's plan does not give credit for services performed as a *participant* in the partnership plan; it gives credit, for eligibility purposes only, for services performed for, or employment by, the partnership. Respondent points to no authority which authorizes transposing the requirements of section 401(d) into the determination of eligibility for participation in petitioner's plan. The fact that in order for a partner to become a participant in a qualified owner-employee plan the trust and the plan must meet the requirements of section 401(d) does not mean that a former partner cannot be given credit for past service as a partner for purposes of determining eligibility to participate in a corporate plan even though as a partner he was not a participant in a plan that qualified under section 401(d). We find no evidence that section 401(d) was intended to be applied in such manner. Section 401(a) contains ample safeguards to prevent the use of discriminatory eligibility requirements to favor the prohibited group under corporate plans.

We could better understand respondent's concern about allowing credit for services performed as partners if the credit were to be used in computing contributions and benefits for members of the prohibited group under the corporate plan. But such is not the case here. We find no discrimination in favor of the prohibited group or against other employees in permitting all employees, whether participants in the partnership plan or not, to use such credit for purposes of meeting the eligibility requirement for participation in petitioner's plan.

We are also aware of the reasons respondent must be careful in trying to prevent pension trusts from being used as a device to provide benefits for officer-stockholders and highly paid employees, but we think it would be unjustified and inappropriate to use a highly technical and strained construction of the statutes to disqualify this trust and thus deny not only petitioner, but many of its employees as well, the benefits provided by a qualified pension trust.

We conclude that the trust established by petitioner as a part of its pension plan for the benefit of its employees is qualified under sections 401(a) and 501(a), and the contributions made to the trust by peti-

tioner during the years here involved under the terms thereof are deductible by petitioner under section 404(a). This makes unnecessary consideration of petitioner's alternative argument.

*Decision will be entered for the petitioner.*

---

[1] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.